UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

THOMAS ANDREW CENSKE,

        Plaintiff,                      Case No. 2:08-cv-4

v.                                      Honorable Robert Holmes Bell

UNITED STATES OF AMERICA,

        Defendant.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 28 U.S.C. § 1346. The Court denied Plaintiff leave to proceed *in forma pauperis* and Plaintiff has paid the filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Plaintiff Thomas Andrew Censke, an inmate at the Marquette County Jail, filed this *pro se* action pursuant to 28 U.S.C. § 1346 against the United States of America. Plaintiff's complaint is incoherent and rambling and asserts that the failure to inform "custody" or "jail" of his mental health needs violated his constitutional rights. Plaintiff seeks damages.

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). As noted above, Plaintiff seeks to assert a claim under 28 U.S.C. § 1346. However, Plaintiff merely asserts that federal officials failed to inform the institution he was being confined to of his mental health needs. However, Plaintiff fails to assert that he suffered any physical injuries as a result of the Defendant's actions. According to 28 U.S.C. § 1346(b)(2), no person convicted of a felony who is incarcerated while awaiting sentence or while serving a sentence may bring a civil action against the United States for mental or emotional injury suffered while in custody without a prior showing of physical injury. Plaintiff has failed to allege such an injury.

Having conducted the review now required by the Prison Litigation Reform Act, the Court concludes that Plaintiff's complaint should be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court dismisses this case, the court discerns no good-faith basis for an appeal. Should the plaintiff appeal this decision, the court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

A judgment consistent with this Opinion will issue.

Dated: October 24, 2008 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE